O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNI HOSIERY CO., INC., a California corporation,<br><br>                 Plaintiff,<br><br>    v.<br><br>NO 1 TRADING, INC., a California corporation,<br><br>                 Defendants. | Case No.: CV07-01743 CAS (FFMx)<br><br>*Assigned to the Honorable Christina A. Snyder*<br><br>**FINAL JUDGMENT AND INJUNCTION BY CONSENT**<br><br>*[Stipulated Final Judgment and Injunction by Consent concurrently filed herewith]* |

## INTRODUCTION

1. The terms of this Consent Decree were agreed to by and between plaintiff Uni Hosiery Co., Inc., ("**UNIHOSIERY**"), on the one hand, and defendant No 1 Trading, Inc., ("**NTI**") on the other, in the concurrently filed Stipulated Final Judgment and Injunction by Consent.

2. UNIHOSIERY is a corporation organized and existing under the laws of California with its principal place of business located at 3829 S. Broadway Street, Los Angeles, California 90037.

3. NTI is a corporation organized and existing under the laws of California with its principal place of business located at 1585 Rio Vista Avenue, Los Angeles, California 90023.

4. On March 15, 2007, UNIHOSIERY commenced a civil action against NTI, entitled <u>Uni Hosiery Co., Inc. v. No 1 Trading, Inc.</u>, in the United States District Court for the Central District of California, Case No. CV07-01743 CAS (FFMx), complaining of copyright infringement and counterfeiting, and federal and common law unfair competition (the "**Litigation**" or "**Action**").

5. The parties now wish to effect a complete resolution and settlement of all claims, disputes and controversies relating to the allegations made by UNIHOSIERY against NTI in the Action and to resolve their differences and disputes by settling this Action for a confidential monetary amount agreed to by the parties (the "**Settlement Amount**") and other agreed to terms and conditions as set forth in a separate agreement.

## FINDINGS

A. UNIHOSIERY is the owner of United States Copyright Registration Nos.: (1) VA 1-369-649 entitled *ROSE*; (2) VA 1-369-650 entitled *SOLID BUTTERFLIES*; (3) VA 1-369-651 entitled *BUTTERFLY*; and (4) VA 1-393-082 entitled *UNI HOSIERY CO., INC. BEST SELLER* (collectively referred hereinafter as the "**UNIHOSIERY Registered Copyrights**").

B. NTI made unauthorized use of the art work covered by the UNIHOSIERY Registered Copyrights thereby infringing UNIHOSIERY's copyright rights and NTI's infringements in conjunction with NTI's omission of a Registered Identification Number ("RN") or other means to enable consumers to identify the manufacturer, importer, distributor, or seller of the Accused Goods has confused the public to believe that the Accused Goods emanate from, or are associated with, UNIHOSIERY or are otherwise sponsored or approved by UNIHOSIERY thereby: (i) constituting copyright infringement under 17 U.S.C. § 101 *et seq.*; (ii) constituting a false designation of origin, false representation and false description under 15 U.S.C. § 1125(a), (iii) constituting unfair competition under common law and 15 U.S.C. § 1125(a); and (iv) constituting unfair competition under California Bus. & Prof. Code §

1 17200 *et seq.* However, NTI maintains that the abovementioned acts of infringement were committed without any intent, malice, or willfulness on behalf of NTI.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. This Court has jurisdiction of the subject matter and of all the parties.

2. The UNIHOSIERY Registered Copyrights and the respective art work covered therein are valid and subsisting and are owned by UNIHOSIERY.

3. NTI's unauthorized use of the art work covered by the UNIHOSIERY Registered Copyrights infringed UNIHOSIERY's copyright rights in the art work covered by the UNIHOSIERY Registered Copyrights under 17 U.S.C. § 101 *et seq.* However, NTI's acts of infringement were committed without any intent, malice, or willfulness on behalf of NTI.

4. NTI's unauthorized use of the art work covered by the UNIHOSIERY Registered Copyrights in conjunction with its failure to include an RN or other means to enable a consumer to identify the manufacturer, importer, distributor, or seller of the Accused Goods created a likelihood of confusion that the Accused Goods emanate from, or are associated with, UNIHOSIERY or are otherwise sponsored or approved by UNIHOSIERY thereby: (i) constituting a false designation of origin, false representation and false description under 15 U.S.C. § 1125(a); (ii) constituting unfair competition under common law and 15 U.S.C. § 1125(a); and (iii) constituting unfair competition under California Bus. & Prof. Code § 17200.

5. Upon entry of this Final Judgment and Injunction by Consent, NTI and its officers, agents, servants, employees, affiliates, attorneys and all those persons in active concert or participation with it or under authority of NTI shall be hereby permanently enjoined from:

   A. Imitating, copying or making unauthorized use of the art work covered by the UNIHOSIERY Registered Copyrights and any

          other designs or art work owned now or in the future by UNIHOSIERY;

    B. Manufacturing, producing, distributing, or displaying any product bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the art work covered by the UNIHOSIERY Registered Copyrights and any other designs or art work owned now or in the future by UNIHOSIERY;

    C. Using a simulation, reproduction, counterfeit, copy or colorable imitation of the art work covered by the UNIHOSIERY Registered Copyrights and any other designs or art work owned now or in the future by UNIHOSIERY in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any products;

    D. Using or displaying the art work covered by the UNIHOSIERY Registered Copyrights and any other designs or art work owned now or in the future by UNIHOSIERY and/or substantially similar designs.  This includes, but is not limited to, immediately ceasing from any and all further use of the art work covered by the UNIHOSIERY Registered Copyrights on goods, web sites, promotional materials, and advertisements and ensuring that any and all of NTI's employees and/or representatives that are using the art work covered by the UNIHOSIERY Registered Copyrights on NTI's behalf or under some agreement with NTI immediately cease such use;

    E. Doing or allowing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public or the trade, or prospective purchasers of UNIHOSIERY's products, or likely to deceive members of the public or the trade, or prospective

purchasers, into believing that there is some association between UNIHOSIERY's products and NTI's products;

F. Further infringing UNIHOSIERY's exclusive rights in the art work covered by the UNIHOSIERY Registered Copyrights and any other designs or art work owned now or in the future by UNIHOSIERY or otherwise competing unfairly with UNIHOSIERY; and

G. Committing or contributing to any acts calculated to cause purchasers to believe that any products not UNIHOSIERY's are those sold under the control and supervision of UNIHOSIERY, or are sponsored or approved or connected with, guaranteed or produced under the control and supervision of UNIHOSIERY, or otherwise infringing, inducing others to infringe, or contributing to the infringement of any trademarks and/or trade names owned by UNIHOSIERY.

6. IT IS FURTHER ORDERED that NTI shall provide in writing to UNIHOSIERY by way of UNIHOSIERY's counsel with the following information relating to the Accused Goods:

A. the name, address and telephone number of each and every entity to whom NTI has made available or otherwise provided the Accused Goods;

B. the name, address and telephone numbers of each and every entity (if known), including agents and manufacturers, from whom NTI purchased the Accused Goods; and

C. all evidence (in the possession, custody or control of NTI) as to the source of any of the Accused Goods.

5

7. IT IS FURTHER ORDERED that NTI shall file with this Court, and serve on UNIHOSIERY's counsel, a report in writing under oath setting forth in detail the manner and form in which NTI has complied with and completed its obligations set forth in Paragraphs 6, 8 and 10 herein within thirty (30) days of entry of this Final Judgment and Injunction by Consent.

8. IT IS FURTHER ORDERED that NTI shall deliver to UNIHOSIERY for destruction all remaining Accused Goods, decals, stickers, signs, prints, packages, receptacles, wrappers, boxes, and advertisements in their possession, and all plates, molds, matrices, programs and other means of making same.

9. IT IS FURTHER ORDERED that the confidential Settlement Amount, agreed to by the parties in a separate document, does not precisely reflect the amount of actual monetary damages suffered by UNIHOSIERY in connection with NTI's unauthorized conduct. Indeed, due to NTI's incomplete production of information and documents related to its purported costs associated with its high volume of importation, distribution, offer for sale, and sale of the Accused Goods, UNIHOSIERY has been prevented from determining the full extent of NTI's revenue for the Accused Goods and full extent of damages and losses to UNIHOSIERY. UNIHOSIERY has evidence to reflect that NTI made substantial sales of the Accused Goods and believes that more infringements would have been unearthed had discovery progressed. As such, the confidential Settlement Amount only represents the parties' agreement to informally resolve all of the purported controversies, claims, causes of action and disputes, both real and potential, between UNIHOSIERY and NTI set forth in the Complaint to avoid further litigation and consumption of resources attendant thereto. NTI's failure to fully comply with one or more terms or conditions provided for in the parties' separate confidential agreement and/or this Final Judgment and Injunction by Consent will result in immediate and irreparable harm to UNIHOSIERY. There is no adequate remedy at law for such failure, and in the event of such failure, with the exception of NTI's breach of one or more of the

terms set forth in paragraph 5, above, breaches of which are treated separately in this paragraph, NTI shall be liable to UNIHOSIERY, in addition to any other remedies available to UNIHOSIERY, in the amount of $125,000 as liquidated damages (which is a reasonable estimate of the minimum amount of damages suffered by UNIHOSIERY) and such other and further relief as is deemed proper by a court of competent jurisdiction.  In the event NTI breaches paragraph 5 of this Final Judgment and Injunction by Consent:

      a.    With respect to designs and/or art work covered by the UNIHOSIERY Registered Copyrights and/or appearing on UNIHOSIERY's website (http://www.unihosiery.com) prior to commencement of the violation, NTI shall be immediately liable to UNIHOSIERY in the amount of no less than $125,000 as liquidated damages in addition to any other remedies available to UNIHOSIERY at law or in equity deemed proper by a court of competent jurisdiction, including, without limitation, any damages or lost profits suffered by UNIHOSIERY or any statutory damages to which UNIHOSIERY proves it is entitled to in excess of $125,000, *i.e.*, not already taken into account in the $125,000 liquidated damages amount; and

      b.    With respect to designs and/or art work other than those covered by the UNIHOSIERY Registered Copyrights and/or appearing on UNIHOSIERY's website prior to commencement of the violation, NTI shall <u>immediately</u> (within three (3) business days not to exceed 72 hours of receipt of actual notice) recall and discontinue importing, distributing, offering for sale and selling any goods bearing such designs and/or art work after notice to NTI by UNIHOSIERY of its ownership rights to such designs and/or art work.  Within seven (7) business days after UNIHOSIERY's notice, NTI shall also provide UNIHOSIERY with a full accounting of NTI's purchase and sales activities with respect to such goods, including, without limitation, documentation evidencing the source/manufacturer of the goods, customers

1 who purchased the goods, quantity of goods received, sold and/or remaining in NTI's
2 possession, custody or control and any other reasonable requests made by
3 UNIHOSIERY. In the event NTI fails to take the foregoing actions upon notification
4 by UNIHOSIERY, NTI shall be liable to UNIHOSIERY for no less than $125,000 as
5 liquidated damages, in addition to any other remedies available to UNIHOSIERY at
6 law or in equity deemed proper by a court of competent jurisdiction, including,
7 without limitation, any damages or lost profits suffered by UNIHOSIERY or any
8 statutory damages to which UNIHOSIERY proves it is entitled to in excess of
9 $125,000, *i.e.*, not already taken into account in the $125,000 liquidated damages
10 amount.

11     10. IT IS FURTHER ORDERED that NTI will deliver to UNIHOSIERY a
12 letter acknowledging and apologizing for their complained of conduct, including
13 copying of the art work covered by the UNIHOSIERY Registered Copyrights,
14 however noting that NTI's acts were not committed maliciously, willfully, or with
15 intent. The parties hereto agree that said Letter of Apology shall be kept confidential
16 by the parties.

17     11. IT IS FURTHER ORDERED that other than those terms set forth in this
18 Final Judgment and Injunction by Consent and the concurrently filed stipulation, the
19 terms and conditions set forth in the parties' separate settlement agreement, including,
20 but not limited to, the Settlement Amount shall remain confidential between the
21 parties and all of their respective parents, subsidiaries and each of their respective
22 owners, officers, directors, partners, agents, representatives, attorneys, predecessors,
23 successors, heirs and assigns. None of the parties hereto shall disclose any such terms
24 and conditions.

25     12. This Court shall retain jurisdiction to construe, enforce, and implement
26 this Final Judgment and Injunction by Consent.

27 / / /
28 / / /

1  13. All matters having been resolved between the parties, all of
2  UNIHOSIERY's claims are dismissed with prejudice.

Dated: _March 26, 2008_____              *Christine A. Snyder*
                                              The Honorable Christina A. Snyder
                                              United States District Judge

Respectfully submitted,

BELASCO JACOBS & TOWNSLEY, LLP.

By:   /s/Mark B. Mizrahi
      Mark B. Mizrahi

Counsel for Plaintiff Uni Hosiery Co., Inc.

By:   /s/Tom Kohan  _____
      Tom Kohan

Counsel for Defendant No 1 Trading, Inc.